```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
BLACKBIRD TECH LLC d/b/a BLACKBIRD       :
TECHNOLOGIES,                            :
                                         :
                         Plaintiff,      :    21cv11018 (DLC)
                                         :
              -v-                        :    OPINION AND ORDER
                                         :
ARGENTO SC BY SICURA, INC.,              :
                                         :
                         Defendant.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Wendy Verlander
Verlander LLP
200 Baker Avenue
Suite 303
Concord, MA 01742

Jeffrey Ahdoot
Verlander LLP
700 12th Street, NW
Suite 700
Washington, DC 20005

For defendant:
Mark Berkowitz
Sandra Adele Hudak
Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018

DENISE COTE, District Judge:

   Blackbird Tech LLC ("Blackbird") brought this action against Argento SC By Sicura, Inc. ("Argento") for infringing on a patent that Blackbird holds for the design of a two-sided face

brush.  Argento has moved to dismiss Blackbird's claims to the extent they seek damages for any infringement that occurred before this action was filed.  For the following reasons, Argento's motion is granted.

## Background

The following facts are taken from the First Amended Complaint ("FAC") and are assumed to be true for the purposes of this motion.  Blackbird owns U.S. Design Patent No. D720,933 (the "'933 Patent"), issued on January 13, 2015.  The '933 Patent claims an ornamental design for a two-sided face washing brush.  Argento has sold its own face brush, the Dabney Lee Dual-Action Face Brush, to consumers through its retail stores.  Blackbird alleges that Argento's face brush infringes on the design claimed in the '933 Patent.

Blackbird filed this action on December 22, 2021, bringing a claim for patent infringement.  On April 1, Argento moved to dismiss the complaint to the extent it sought damages for infringement that occurred before this action was filed, because Blackbird had not alleged compliance with 35 U.S.C. § 287(a)'s marking requirements.  On April 11, Blackbird filed the FAC, adding a single-sentence allegation that "[a]ll marking requirements under 35 U.S.C. § 287 have been complied with."

Argento renewed its motion to dismiss for pre-litigation damages on May 9.  The motion became fully submitted on May 31.  On August 17, this action was transferred to this Court.

## Discussion

To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim to relief that is plausible on its face."  Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Charles v. Orange County, 925 F.3d 73, 81 (2d Cir. 2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs."  Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted).  Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations."  Hamilton v. Westchester County, 3 F.4th 86, 90 (2d Cir. 2021) (citation omitted).

I.  Marking

The Patent Act provides that patentees and persons making, selling, or importing patented articles may give notice that the article is patented by marking the article or its packaging with either the patent number or an online address referencing the patent number.  35 U.S.C. § 287(a).  If a patentee fails to comply with these marking requirements, the patentee may not recover damages incurred before the date that the defendant received "actual notice" of the infringement.  Arctic Cat Inc. v. Bombardier Recreational Prods Inc., 876 F.3d 1350, 1366 (Fed. Cir. 2017).  "Filing of an action for infringement shall constitute such notice."  35 U.S.C. § 287(a).  The Patent Act therefore provides three conditions under which a plaintiff may recover pre-litigation damages for patent infringement: (1) if no articles have been manufactured, in which case marking and notice requirements do not apply; (2) if any manufactured articles have been adequately marked; or (3) if the defendant otherwise received actual notice of its infringement before the action was filed.  See id.; Arctic Cat Inc., 876 F.3d at 1366.

"The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement."  Arctic Cat Inc., 876 F.3d at 1366.  "[W]hether a patentee's articles have been marked 'is a matter peculiarly within his own knowledge.'"  Id. (quoting Dunlap v. Schofield, 152 U.S. 244, 248 (1894)).  When a

complaint does not adequately allege compliance with the marking statute, a claim for pre-litigation damages may be dismissed on a Rule 12(b)(6) motion.  See Lans v. Digital Equip. Corp., 252 F.3d 1320, 1328 (Fed. Cir. 2001).

The FAC does not adequately allege compliance with the marking requirements of 35 U.S.C. § 287(a), and does not allege any other facts to suggest that Argento had actual notice of the purported infringement before this action was filed.  The only relevant allegation in the FAC is a single sentence asserting that "[a]ll marking requirements under 35 U.S.C. § 287 have been complied with."  But the FAC does not explain, for example, whether that compliance has occurred because the '933 Patent was never practiced, because patented articles were actually marked when entered into commerce, or because it gave Argent pre-suit notice.  Without such allegations, the FAC's assertion of compliance with § 287(a) is conclusory, and therefore insufficient to state a claim for pre-litigation damages.  See Hamilton, 3 F.4th at 90.

Blackbird argues that it need not support its assertion of compliance with additional allegations, because "[c]ompliance with § 287 is a question of fact." Arctic Cat Inc., 876 F.3d at 1366.  But, even when an element of a cause of action presents a question of fact, the pleadings must still contain sufficient allegations to make it plausible that the element is satisfied.

See Bot M8 LLC v. Sony Corp. of Am., 4 F.4th 1342, 1353 (Fed. Cir. 2021) (affirming a dismissal of a complaint when allegations of infringement "were conclusory and at times contradictory"); CommScope Techs. LLC v. Dali Wireless Inc., 10 F.4th 1289, 1295 (Fed. Cir. 2021) ("A determination of infringement is a question of fact." (citation omitted)).

Blackbird also argues that it need not more specifically allege its compliance with § 287's marking requirements, because "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." Arctic Cat Inc., 876 F.3d at 1368. But this requirement imposes an evidentiary standard applicable on an alleged infringer's motion for summary judgment. See id. at 1368-69. It does not alleviate the plaintiff's "burden of pleading" compliance with § 287. Id. at 1366. Because Blackbird has not met that burden, its claim must be dismissed to the extent it requests damages for infringement that occurred before this action was filed.

II. Leave to Amend

Blackbird requests that, if Argento's motion to dismiss is granted, it be given leave to amend the FAC. In general, leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied,

however, "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  Eastman Kodak Co. v. Henry Bath LLC, 936 F.3d 86, 98 (2d Cir. 2019) (citation omitted).  Additionally, a plaintiff "need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint."  TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014).

Leave to amend is not appropriate here.  Blackbird already had an opportunity to amend its complaint after Argento initially moved to dismiss on April 1.  That motion sought to dismiss Blackbird's claims for pre-litigation damages, because the complaint contained no allegations that Blackbird had complied with § 287's marking requirements.  Rather than alleging sufficient facts to plausibly suggest compliance, however, Blackbird added to the FAC only a conclusory assertion of compliance.  Additionally, Blackbird has not explained what additional facts it could now allege.  Accordingly, leave to amend is denied.

## Conclusion

The defendant's May 9, 2022 partial motion to dismiss is granted.  The plaintiff's claims are dismissed to the extent that they request damages for infringement on the '933 Patent

that occurred before this action was filed.  The defendant's April 1 partial motion to dismiss is terminated as moot.

Dated:   New York, New York
         August 26, 2022

_____
DENISE COTE
United States District Judge